Thomson, P. J.
The only question which the record presents is whether, upon the facts alleged and proved, the city incurred a liability for the injury sustained by the plaintiff. The line of argument by which counsel seek to establish such liability, is that the charter invested the city with full power to enforce its ordinances, and charged certain of its officers with the duty of seeing that they were enforced; that the failure of those officers in the performance of their duty was imputable to the city as its. own dereliction of duty; that, but for such dereliction, the injury would not have been sustained; and that in all cases a municipality, like a private corporation or individual, is answerable for the consequences of its negligence. The argument recognizes no distinction between the classes of powers conferred upon municipal cor *477 porations; and, for a neglect in the exercise of any of their powers, would hold them to the same' degree of responsibility, regardless of the nature of the power to be exercised. But a distinction nevertheless exists; and by that distinction the question, in a given case, of the liability of a municipality, is controlled. One class of its powers is of a public and general character, to be' exercised in virtue of certain attributes of sovereignty delegated to it for the welfare and protection of its inhabitants; the other relates only to special or private corporate purposes, for the accomplishment of which it acts, not through its public officers as such, but through agents or servants employed by it. In the former case its. functions are political and governmental, and no liability attaches to it either for nonuser or misuser of a power; while in the latter, it stands upon the same footing with a private corporation, and will be held to the same responsibility with a private corporation for injuries resulting from its negligence.— Dillon on Munic. Corporations, § 974; Hayes v. Oshkosh, 33 Wis. 314; Aldrich v. Tripp, 11 R. I. 141; Insurance Co. v. Keeseville, 148 N. Y. 46; Wagner v. Portland, 40 Ore. 389.
The law as we have stated it is thoroughly established. The cases to which we have been referred in behalf of the plaintiff simply affirm the liability of the municipality for the neglect of a duty resting upon it in respect to its special or local interests; but in many of the opinions occasion is taken to distinguish between its public and private functions; and in our citations, we have made use chiefly of authorities furnished to us by plaintiff’s counsel.
The question then is, what was the nature of the power exercised by the city in the enactment of the ordinance relating to the deposit of ashes ? It. is evident that the purpose of the ordinance, as *478 well as of the charter provision authorizing it, was to furnish to the inhabitants of the city some measure of protection against fire. The ordinance is public in its character. It. has the public welfare in view, and in no manner concerns the private interests of the corporation. The power exercised in its enactment was a political power of the state, which was delegated by the charter to the municipality. It is the same power in virtue of which offenses are defined, and provision made for their punishment, by the general laws. The ordinance was, therefore, in its nature, strictly governmental, and for any action or want of action with respect .to the ordinance, by the city or its officers, the corporation is exempt from liability equally with the state.
But it is sought to sustain this action upon another ground, namely, that the ash-pit was a nuisance, and that the charter made it the duty of the city to abate nuisances. We shall enter into no discussion of the question of the city’s responsibility with respect to nuisances, because, upon the record before us, we do not find the question to be involved in the case. The ash-pit as described by the witnesses was not a nuisance within any definition of the term. It was not shown that the public or individuals were suffering annoyance or injury from it. The injury which was sustained was not one which it was the design of the ordinance to prevent. The pit was upon private inclosed ground, to which the public had no right of access; and the danger which attended it, as shown by the accident that occurred, affected only the occupants of the premises, who, owner and tenants, as the evidence abundantly showed, were severally and equally responsible for its existence. To constitute it a nuisance, it must, in some manner, have injured or annoyed others in the *479 enjoyment of their legal rights. And the ordinance declaratory of nuisances was not intended to include; it. It was not detrimental to health, and was not attended with damage or injury .to any of the inhabitants of the city, within the meaning of the ordinance. The inhabitants to be protected were those whose rights might be affected through acts done by others than themselves — not the persons doing the acts. Moreover, this particular offense was the subject of a special ordinance prescribing a penalty for its commission. We agree with the trial court and affirm its judgment. Affirmed. ■